UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

REPUBLIC FRANKLIN INSURANCE     :
COMPANY
                                :
          Plaintiffs,
                                :
     v.                         :

ALEXANDER KRYZAK, RICHARD       :     NOVEMBER 18, 2014
KRYZAK, SARAH KRYZAK, ROMAINE
HINDS, THE WOODSTOCK ACADEMY,
WOODSTOCK ACADEMY BOARD OF
TRUSTEES, and UNITED EDUCATORS
          Defendants

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Republic Franklin Insurance Company ("Republic"), for its Complaint against the Defendants, Alexander Kryzak, Richard Kryzak, Sarah Kryzak, Romaine Hinds, The Woodstock Academy, Woodstock Academy Board Of Trustees, and United Educators, alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for declaratory judgment arising out of an actual and existing controversy between the Plaintiff and the Defendants concerning the parties' rights, duties and obligations under a Republic Commercial Automobile insurance policy with respect to a lawsuit commenced in the United States District Court for the District of Connecticut, Romaine Hinds v. The Woodstock Academy, et al, Civil Action No. 3:14 CV 00300-AWT. The Plaintiff seeks a declaration that it owes no duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and

1

Sarah Kryzak, under the Republic policy with respect to the lawsuit titled, <u>Romaine Hinds v. The</u> <u>Woodstock Academy, et al</u>.  To the extent that the court finds a duty to defend or indemnify, then, the Plaintiff seeks a declaration that the Defendant Woodstock Academy's General Liability Insurance Policy, Policy No. CGL201200422900, issued by United Educators, is primary.

## JURISDICTION AND VENUE

2.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).  The amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(a)(2), in that a substantial part of the events and omissions giving rise to the claim occurred in this district.  Venue is also proper because the Defendants, Alexander Kryzak, Richard Kryzak and Sarah Kryzak, are citizens of this state.

## THE PARTIES

4.      The Plaintiff, Republic Franklin Insurance Company is an insurance company domiciled in Ohio with a principal place of business in Columbus, Ohio.  Republic is a member of the Utica National Insurance Company.

5.      The Defendants, Alexander Kryzak, Richard Kryzak, and Sarah Kryzak, are individuals who are, and at all relevant times were citizens of the State of Connecticut.

6.      The Defendant, Romaine Hinds, is an individual who is, and at all relevant times was, a citizen and subject of the nation of Jamaica and resides in Jamaica.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

7.     The Defendant, The Woodstock Academy, is a private non-stock corporation chartered by special act of the legislature of the State of Connecticut, with its principal office at 57 Academy Road, Woodstock, Connecticut.

8.     The Defendant, Woodstock Academy Board of Trustees, is the governing body charged with the management and control of the Woodstock Academy by the aforementioned special act of the State of Connecticut.

## STATEMENT OF THE FACTS

9.     On or about March 10, 2014, Romaine Hinds commenced a civil action in the United States District Court for the District of Connecticut captioned Romaine Hinds v. The Woodstock Academy, et al, Civil Action No. 3:14 CV 00300-AWT (hereinafter "Underlying Action")(A copy of the Complaint is attached hereto as Exhibit A).

10.     Hinds alleges that in August of 2012, he enrolled at Woodstock Academy as an "International Student" and travelled from his home in Jamaica to attend and board at Woodstock Academy.

11.     Hinds further alleges that The Woodstock Academy and Woodstock Academy Board of Trustees accepted Hinds' enrollment at the academy in their care and custody and placed him in Woodstock Academy's "Homestay Program."

12.     At all relevant times, Hinds was placed by The Woodstock Academy and Woodstock Academy board of Trustees with a host family which included Alexander Kryzak, and his parents Richard Kryzak, and Sarah Kryzak.

3

13.     It is further alleged that The Woodstock Academy and Woodstock Academy Board of Trustee made express assurance to Hinds and/or his family and guardians, that he would be properly supervised and provided with a safe, appropriate, and healthy environment while participating in the Homestay Program.   These assurances included materials and/or statements that Richard Kryzak and Sarah Kryzak and/or host family would treat Hinds as if he were their own child, maintain curfews, and generally provide supervision, care and guidance to him while in their custody and control; that all adults in the host family would undergo a background check; and that the Woodstock Academy and Woodstock Academy Board of Trustees would visit the host family throughout the year and ensure that the host family was meeting the expectations and responsibilities of the Homestay Program, which were set forth in detail.   The materials and/or statements given to Hinds, his family and/or guardians by the Woodstock Academy and Woodstock Academy Board of Trustees provided for a curfew of 12:00 midnight to 1:00 a.m. on Fridays and Saturdays for "senior high-aged students" such as Hinds.

14.     It is further alleged that Richard Kryzak and Sarah Kryzak were paid compensation by The Woodstock Academy and/or The Woodstock Academy Board of Trustees in exchange for providing housing, meals, supervision, transportation, and care for Hinds while in their custody and control pursuant to the Homestay Program, and for meeting the detailed expectations and responsibilities demanded of them by the Homestay Program with regard to Hinds, their host student.

4

15.    It is further alleged that on the morning of November 17, 2012, at approximately 1:39 a.m., while Hinds was a passenger in a 2000 Volvo motor vehicle owned by Richard Kryzak and Sarah Kryzak, and operated by Alexander Kryzak on route 171 in Woodstock, Connecticut, Alexander Kryzak caused the vehicle to leave the highway at high speed and crash into a tree with great force.

16.    As a result of the motor vehicle accident, Hinds alleges he suffered serious physical injuries.

17.    Romaine Hinds asserts a total of five counts in his Complaint. The first count as to Alexander Kryzak, Richard Kryzak, and Sarah Kryzak, seeks damages for the alleged negligence of Alexander Kryzak in the operation of the motor vehicle owned by Richard and Sarah Kryzak. The second count as to Alexander Kryzak seeks damages pursuant to Connecticut General Statutes § 14-295 for the alleged recklessness of Alexander Kryzak in the operation of the motor vehicle. The third count, as to all Kryzak Defendants, as well as The Woodstock Academy and The Woodstock Academy Board of Trustees, seeks damages for the alleged negligent supervision of Alexander Kryzak and Romaine Hinds by Richard and Sarah Kryzak, who were alleged to be agents or employees of the Woodstock defendants. The fourth count as to The Woodstock Academy and The Woodstock Academy Board of Trustees seeks damages for the alleged negligent supervision of the Kryzaks and Romaine Hinds by the Woodstock defendants in connection with the Homestay program which allegedly caused the injuries allegedly suffered by Romaine Hinds. The fifth and final count of the complaint seeks damages for the Woodstock Academy's and the Woodstock Academy Board of Trustee's alleged breach

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

of contract entered into with Hinds and/or Hinds parents relating to the Homestay program which said breach also caused Hinds alleged injuries.

18.     In his prayers for relief, Hinds seeks compensatory damages in the amount of one million ($1,000,000) dollars, double or treble damages as to the second count pursuant to C.G.S. § 14-295, taxable costs, and such other relief as the Court may deem just and proper.

19.     Republic issued Commercial Auto Policy 4559426 to Woodstock for the period July 1, 2012 to July 1, 2013, as named insured (hereinafter "Auto Policy")(A copy of the Auto Policy with Endorsements is attached hereto as Exhibit B).

20.     The Auto Policy afforded coverage consistent with the terms and provisions of several forms and endorsements which, when read as an integrated document, states as follows:

**COMMERCIAL AUTO**
**CA00 01 10 01**

**BUSINESS AUTO COVERAGE FORM**

\*\*\*\*

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.

\*\*\*\*

SECTION I – COVERED AUTOS

\*\*\*\*

1       Any "Auto"

\*\*\*\*

6

SECTION II – LIABILITY COVERAGE

A.    Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate.  Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1.    **Who is An Insured**

The following are "Insureds":

a.    You for any covered "auto".

b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

****
(2)    Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
****

c.    Anyone liable for the conduct of an "Insured" described above but only to the extent of that liability.

****

B.    **Exclusions**

This insurance does not apply to any of the following:

1.    **Expected or Intended Injury**

7

"Bodily Injury" or "property damage" expected or intended from the standpoint of the "Insured".

> **2.**     **Contractual**
>
> Liability assumed under any contract or agreement.
>
> But this exclusion does not apply to liability for damages:
>
> **a.**     Assumed in a contract or agreement that is an "Insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or
>
> **b.**     That the "insured" would have in the absence of the contract or agreement.

\*\*\*\*

## SECTION IV - BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

\*\*\*\*

## B. General Conditions

\*\*\*\*

## 5.     Other Insurance

**a.**     For any covered "auto" you own, this Coverage Form provides primary Insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. . . .

\*\*\*\*

## SECTION V – DEFINITIONS

\*\*\*\*

**G.**     "Insured" means any person or organization qualifying as an insured in the Who is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

The Policy also includes an Educational Institution Auto Extension Endorsement which provides

in pertinent part:

MORRISON MAHONEY LLP • COUNSELLORS AT LAW

ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103

(860) 616-4441 • JURIS NO. 404459

## EDUCATIONAL INSTITUTION AUTO EXTENSION ENDORSEMENT

****

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

I.       The following is added to LIABILITY COVERAGE WHO IS (AN) INSURED provision:

1.       Anyone volunteering services to you is an "insured" while using, in activities directly related to your operations, a covered "auto" you do not own, hire or borrow.  Anyone else who furnishes that "auto" is also an "insured".

2.       Any employee or elected or appointed administrative official of yours is an "insured" while using, in activities directly related to your operations, a covered "auto" you do not own, hire or borrow.  Anyone else who furnishes that "auto" is also an "insured."

8-E-1903 Ed. 7-98

The Policy also includes the Endorsement: Educational Institution Auto Extension Plus

which provides in pertinent part:

## EDUCATIONAL INSTITUTION AUTO EXTENSION PLUS

****

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTO COVERAGE PART

Only that insurance provided below that broadens coverage under the Commercial Auto Coverage Part applies.

A.       The following is added to LIABILITY COVERAGE WHO IS (AN) INSURED provision:

1.       Anyone volunteering services to you is an "insured" while using, in activities directly related to your operations, a covered "auto" you do not own, hire or borrow.  Anyone else who furnishes that "auto" is an "insured."

9

2.      Any employee or elected or appointed administrative official of yours is an "insured" while using, in activities directly related to your operations, a covered "auto" you do not own, hire or borrow.  Anyone else who furnishes that "auto" is also an "insured."

\*\*\*\*

**P.      Bodily Injury Redefined.**

It is agreed and understood that the definition of "bodily injury" (SECTION V) includes mental anguish resulting from "bodily injury," sickness or disease to the person who sustained such "bodily injury," sickness or disease.

8-E-3128(CT)

The Policy also includes an Endorsement: Employees as Insureds which provides in pertinent part:

**EMPLOYEES AS INSUREDS**

\*\*\*\*

The following is added to the LIABILITY COVERAGE WHO IS AN INSURED provision:

Any employee of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

CA 99 33 12 93

21.     Republic Franklin, under a reservation of rights, has provided defense to Alexander Kryzak, Richard Kryzak, and Sarah Kryzak pursuant to the terms of the liability coverage set forth in Section II of the Auto Policy.

## COUNT I

22.     Republic Franklin repeats and reavers its allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

10

23.     During all relevant times, Alexander Kryzak was driving a motor vehicle which was owned by his parents Richard Kryzak and Sarah Kryzak, in which Romaine Hinds was a passenger, to and from an activity not directly related to the Woodstock Academy's operations.

24.     During all relevant times, Alexander Kryzak was not volunteering services to Woodstock Academy in an activity directly related to Woodstock Academy's operations while driving with Romaine Hinds on Route 171 in Woodstock, Connecticut.

25.     During all relevant times, Alexander Kryzak was not an employee or elected or appointed administrative official of Woodstock Academy performing an activity directed related to the operations of Woodstock Academy.

26.     Republic Franklin does not have a duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with the claims of Romaine Hinds, set forth in his Complaint, as they are not insureds pursuant to Section II A 1(b)(2) and II A 1(c) of the Auto Policy.

25.     Republic Franklin does not have a duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with the claims of Romaine Hinds, as Alexander Kryzak, Richard Kryzak, and Sarah Kryzak are not insureds under the Educational Institution Auto Extension Endorsement of the Auto Policy as Alexander Kryzak was not volunteering his services in an activity directly related to the Woodstock Academy's Operations.

26.     Republic Franklin does not have a duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with the claims of Romaine Hinds, as Alexander Kryzak, Richard Kryzak, and Sarah Kryzak are not insureds under the Educational

11

Institution Auto Extension Endorsement of the Auto Policy as Alexander Kryzak was not an employee or elected or appointed administrative official of the Woodstock Academy using a covered auto in an activity directly related to the Woodstock Academy's Operations.

27.    Republic Franklin does not have a duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with the claims of Romaine Hinds, as Alexander Kryzak, Richard Kryzak, and Sarah Kryzak are not insureds under the Educational Institution Auto Extension Plus Endorsement of the Auto Policy as Alexander Kryzak was not volunteering his services in an activity directly related to the Woodstock Academy's Operations.

28.    Republic Franklin does not have a duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with the claims of Romaine Hinds, as Alexander Kryzak, Richard Kryzak, and Sarah Kryzak are not insureds under the Educational Institution Auto Extension Plus Endorsement of the Auto Policy as Alexander Kryzak was not an employee or elected or appointed administrative official of the Woodstock Academy using a covered auto in an activity directly related to the Woodstock Academy's Operations.

29.    Republic Franklin does not have a duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with the claims of Romaine Hinds, as Alexander Kryzak, Richard Kryzak, and Sarah Kryzak are not insureds under the Employees as Insureds Endorsement of the Auto Policy as Alexander Kryzak was not using a covered auto in connection with the business or personal affairs of the Woodstock Academy.

30.    Republic Franklin does not have a duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with the claims of Romaine Hinds, as

12

Alexander Kryzak, Richard Kryzak, and Sarah Kryzak are not insureds under the Educational Institution Auto Extension Endorsement of the Auto Policy as Alexander Kryzak was not using a covered auto in an activity directly related to the operation of Woodstock Academy.

31.     Republic Franklin does not have a duty to defend or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with the claims of Romaine Hinds, as Alexander Kryzak, Richard Kryzak, and Sarah Kryzak are not insureds under the Educational Institution Auto Extension Plus Endorsement of the Auto Policy as Alexander Kryzak was not using a covered auto in an activity directly related to the operation of Woodstock Academy.

32.     An actual controversy exists between the parties as to the contractual obligation of Republic Franklin to defend and/or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with Romaine Hinds claims under the policy.

33.     This controversy constitutes a substantial question and dispute and creates an uncertainty as to legal relations between Republic Franklin, Alexander Kryzak, Richard Kryzak, Sarah Kryzak, and Romaine Hinds.

## COUNT II

34.     Republic Franklin repeats and reavers its allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

35.     United Educators issued Commercial General Liability Insurance Policy CGL201200422900 to Woodstock for the period July 1, 2012 to July 1, 2014, as named insured (hereinafter "CGL Policy")(A copy of the CGL Policy is attached hereto as Exhibit C).

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

36.    The CGL Policy afforded coverage consistent with the terms and provisions of several forms and endorsements which, when read as an integrated document, states as follows:

**Included Entity** means:

    a.    the **Educational Organization**

****

**Insured** means:

****

    c.    at the option of the **Educational Organization**, any

        (1)    past, present and future employee, member of the faculty, student teacher, or teaching assistant of an **Included Entity**

****

        (3)    uncompensated volunteer worker performing services on behalf and with the express direction and authority of an **Included Entity**;

****

        (5)    student of an **Educational Organization** while acting at the direction of, complying with the policies and procedures governing conduct at, or performing services primarily for or on behalf of the **Educational Organization**;

    but only while acting within the scope of their duties or obligations in their respective capacities to an **Included Entity** as described in clause a. or b. above, and coverage for these individuals is subject always to all other terms and conditions of this Policy.

**Occurrence** means:

    a.    an accident during the **Policy Period** or the continuous, intermittent or repeated exposure to conditions that commence during the **Policy Period** that causes **Bodily Injury** or **Property Damage** neither expected nor intended by the **Insured**; or

    b.    an event that first occurs during the **Policy Period** that caused **Personal Injury** or **Advertising Injury**

14

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

\*\*\*\*

Breach of contract is not an **Occurrence**.

\*\*\*\*

## EXCLUSIONS

10.    This Policy does not apply to:

\*\*\*\*

e.    any liability arising out of the ownership, repair, maintenance, use or entrustment to others of any **Automobile**;

**Exception**:  This exclusion does not apply to

(1) liability of the **Educational Organization** arising out of the use of an **Automobile** rented by an employee of the **Educational Organization** for a period of 120 days or less for use by an employee of the **Educational Organization** while temporarily outside the United States, its possessions or territories, or Canada, on **Educational Organization** business;

(2) the limited coverage with respect to pollution provided by Paragraph 10.m.(1)(b) of this Policy;

(3)  the parking of an **Automobile** not owned or rented or loaned to any **Insured** on or adjacent to premises owned or rented by an **Included Entity**; or

(4)  liability arising out of the repair or maintenance of **Automobiles** by students or employees of the **Educational Organization** as part of any curriculum-related instruction;

\*\*\*\*

## OTHER INSURANCE

25.    This Policy is a primary Policy of insurance.  However, this Policy shall be excess over any other valid and collectable primary insurance that applies to an **Occurrence** covered by this Policy, including such insurance naming the **Insured** as an "additional insured" and, with respect to the limited coverage provided by paragraphs 10.e.(1) and 10.m(1)(b), any domestic or foreign **Automobile** liability insurance policy, and nothing in this Policy shall be construed to require this

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

Policy to contribute with, or subject this Policy to the terms, conditions or limits of, such other insurance.

In addition, this Policy shall always be excess over any other insurance that names any **Insured** as an "additional insured".

a.      if such insurance is also written on an excess basis, **we** agree with the **Insured** that this Policy is excess over such insurance; and,

b.      **we** shall not share in paying **Loss** with that other insurance on any basis including but not limited to the ratio of the **Limit of Liability** of this Policy and the limit of liability of the policy providing "additional insured" coverage.

(CGL06-2008 pp 2-4, 6, 12.)

37.    The CGL Policy provides primary coverage for the claims set forth in Counts Three and Four of Romaine Hinds Complaint in accordance with the liability coverage set forth in the policy.

38.    If it is declared that the Auto Policy provides coverage for the claims asserted against Alexander Kryzak, Richard Kryzak, and Sarah Kryzak, then pursuant to the "other insurance" provisions of the Auto Policy issued by Republic Franklin, the Auto Policy is excess to the coverage provided by the aforementioned CGL Policy.

39.    An actual controversy exists between the parties as to the contractual obligation of Republic Franklin to defend and/or indemnify Alexander Kryzak, Richard Kryzak, and Sarah Kryzak in connection with Romaine Hinds' claims under the policy.

40.    This controversy constitutes a substantial question and dispute and creates an uncertainty as to legal relations between Republic Franklin, Alexander Kryzak, Richard Kryzak, Sarah Kryzak, United Educators and Romaine Hinds.

16

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiff, Republic Franklin Insurance Company, requests that this Court grant the following relief:

1.      Declare that that the Auto Policy does not apply to or cover the claims, in whole or in part, asserted against Alexander Kryzak, Richard Kryzak, and Sarah Kryzak, in the Underlying Case;

2.      Declare that Republic Franklin owes not duty to defend or indemnify Alexander Kryzak, Richard Kryzak and Sarah Kryzak as to the allegations set forth against them in the Complaint filed in the lawsuit captioned <u>Romaine Hinds v. The Woodstock Academy, et al</u>, Civil Action No. 3:14 CV 00300-AWT;

3.      In the alternative, declare that the Auto Policy provides coverage for the claims asserted against Alexander Kryzak, Richard Kryzak, and Sarah Kryzak, which is excess to the Primary General Liability Insurance Policy, Policy No. CGL201200422900 issued by United Educators; and

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

4.      Grant such other relief as the Court deems just and proper.

Respectfully Submitted,
REPUBLIC FRANKLIN INSURANCE
COMPANY

BY: _____

Robert W. Cassot, ct24094
Cristin E. Sheehan, ct26207
Edward N. Storck III, ct27312
MORRISON MAHONEY LLP

One Constitution Plaza, 10th Floor
Hartford, CT 06103
Telephone: (860) 616-4441
Fax: (860) 541-4883

18